UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND, By and Through Its Trustees,<br><br>and<br><br>PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, By and Through Their Trustees,<br><br>and<br><br>ILLINOIS STATE PAINTERS WELFARE FUND, By and Through its Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>G.E.M. DECORATING, INC.,<br><br>Defendant. | Cause No. 19-312 |

## COMPLAINT

COME NOW Plaintiffs, PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND, PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS and ILLINOIS STATE PAINTERS WELFARE FUND, by undersigned Counsel, and state as follows for their Complaint against Defendant, G.E.M. DECORATING, INC.:

### Parties

1. Plaintiff PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND (hereinafter "401(k) Plan") is a pension plan, or plan and a defined contribution plan within the meaning of Sections 3(2)(A) and (34) of ERISA, 29 U.S.C. § 1002(2)(A), (34).

2. 401(k) Plan is administered by a Board of Trustees who are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Retirement Savings Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3. Contributions to 401(k) Plan are received and processed in Collinsville, Madison County, Illinois.

4. Plaintiff PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS (hereinafter "District Council Funds") are certain collectively-bargained fringe benefit funds, for which Plaintiff 401(k) Plan acts as the authorized collection agent

5. Contributions to District Council Funds are received and processed in Collinsville, Madison County, Illinois.

6. Plaintiff ILLINOIS STATE PAINTERS WELFARE FUND (hereinafter "Welfare Fund") is an employee welfare benefit plan, a welfare plan and a plan within the meaning of section 3(1) and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3).

7. Welfare Fund is administered by a Board of Trustees who are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Welfare Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

8. Contributions to Welfare Fund are received and processed in Maryland Heights, St. Louis County, Missouri.

9. Together, the 401(k) Plan, Fringe Benefit Funds and Welfare Fund shall be referred to as "Plaintiff Funds."

10. Defendant G.E.M. DECORATING, INC. ("G.E.M. DECORATING") is an Illinois general business corporation.

11. At all relevant times, G.E.M. Decorating has maintained its principal place of business in Odin, Marion County, Illinois.

12. G.E.M. Decorating is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11) and (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12), and within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6), (7).

## Jurisdiction and Venue

13. This Court has jurisdiction over Plaintiff Funds' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a), (c).

14. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(c) of the LMRA, 29 U.S.C. § 185(c).

15. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## Facts

16. At all times relevant to Plaintiffs' Complaint, G.E.M. Decorating is, was, and has been signatory to one or more binding collective bargaining agreements ("Agreement(s)") with Painters' District Council #58, affiliated with the International Union of Painters and Allied Trades ("District Council #58").

17. By virtue of those Agreement(s), G.E.M. Decorating is, was and has been required to submit reports of hours worked by its eligible employees working under the terms of the

Agreement(s) and to pay contributions to the 401(K) Plan and Welfare Fund at specified hourly rates.

18.  G.E.M. Decorating is required to pay contributions to the District Council Funds at specified hourly rates, and to take contractually-required deductions from employee wages and to pay said amounts to the District Council Funds on behalf of its employees.

19.  G.E.M. Decorating has reported and paid contributions to Plaintiff Funds on behalf of employees in a bargaining unit represented by District Council #58 during the time period relevant to Plaintiff Funds' Complaint.

20.  G.E.M. Decorating is required to report and pay contributions to Plaintiff Funds by the 15th of each month related to hours worked during the previous month.

21.  If G.E.M. Decorating, does not timely report and pay contributions, in addition to such contributions as may be due, the Agreement(s), and/or Trust Document(s) and/or ERISA provide G.E.M. Decorating shall be liable for Liquidated Damages and/or interest.

22.  In the event of litigation, Plaintiff Funds are further entitled to an award of their attorneys' fees and costs and auditing and/or accounting fees.

## COUNT I

## (AUDIT LIABILITY DUE)

## (ALL PLAINTIFFS)

COME NOW Plaintiffs, Painters District Council #58 401(k) Trust Fund, Painters District Council #58 Fringe Benefit Funds and Illinois State Painters Welfare Fund, by undersigned Counsel, and state as follows for Count I of their Complaint against Defendant G.E.M. Decorating, Inc.:

23. Plaintiffs restate and reincorporate paragraphs 1 through 22 of their Complaint as if fully set forth herein.

24. ERISA, the Agreement(s), the Participation Agreement and/or the Trust Document(s) further authorize Plaintiff Funds' Trustees to conduct audits of signatory employers, including G.E.M. Decorating.

25. Plaintiffs conducted an audit ("Audit") of G.E.M. Decorating's books and records for the period of January 1, 2013 to April 30, 2018.

26. The Audit found contributions due to Plaintiff Funds in the amount of $41,865.98 (the "Delinquency"). A true, accurate and correct copy of the Audit is attached hereto as **Exhibit "A."**

27. Plaintiffs are entitled to recover the Delinquency.

28. Pursuant to ERISA, the Agreement(s) and/or Trust Document(s), as a result of the Delinquency, G.E.M. Decorating is further liable for Liquidated Damages in the amount of twenty percent (20%) of the Delinquency, or $8,373.20.

29.     Pursuant to ERISA, the Agreement(s) and/or Trust Document(s), as a result of the Delinquency, G.E.M. Decorating is further liable for interest, estimated in the amount of $12,528.39.

30.     Pursuant to ERISA, the Agreement(s) and/or Trust Document(s), as a result of the Delinquency, G.E.M. Decorating is liable for the costs of the audit in an amount to be proven at trial.

31.     Pursuant to ERISA, the Agreement(s) and/or Trust Document(s), as a result of the Delinquency, G.E.M. Decorating is liable for Plaintiffs' attorneys' fees and costs.

32.     Demand was made upon G.E.M. Decorating for payment, but G.E.M. Decorating has unreasonably failed and refused to pay.

33.     As a result of G.E.M. Decorating's actions complained of, Plaintiffs have been harmed.

WHEREFORE, Plaintiff Funds respectfully pray that the Court:

a. Enter judgment for Plaintiffs, Painters District Council #58 401(k) Trust Fund, Painters District Council #58 Fringe Benefit Funds and Illinois State Painters Welfare Fund, and against Defendant G.E.M. Decorating, Inc.;

b. Enter an Order awarding Plaintiff Funds delinquent contributions in the amount of $41,865.98;

c. Enter an Order awarding Plaintiff Funds Liquidated Damages in the amount of $8,373.20;

d. Enter an Order awarding Plaintiff Funds pre-judgment interest, in the amount of at least $12,528.39, or a different and greater amount to be proven at trial;

Case 3:19-cv-00312-NJR-RJD   Document 2   Filed 03/15/19   Page 7 of 7   Page ID #9

e. Enter an Order awarding Plaintiff Funds audit costs, in an amount to be proven at trial;

f. Enter an Order awarding Plaintiff Funds their attorneys' fees and costs, in an amount to be proven at trial;

g. Enter an Order awarding Plaintiff Funds post-judgment interest;

h. Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/ James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  6202
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs

7